PER CURIAM:
Claimant brought this action for damage to her 1989 Chevrolet S-10 pick-up ruck which occurred when she was operating her vehicle on Route 49 near Merrimac, Mingo County, and a tree fell and struck her vehicle. Respondent was responsible at all times for the maintenance of this portion of Route 49 in Mingo County. The Court is f the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on April 26, 2001, at proximately 8:50 a.m. The weather was clear and the road surface was dry and in good condition. Claimant Mary Hamby was on her way to school at Southern West Virginia Community College. Ms. Hamby was traveling northbound on Route 49 and was approximately three hundred feet from her home when suddenly and without warning a tree fell from the hillside to her right and struck her vehicle. She heard something hit the top of her truck. She accelerated in an attempt to avoid it, but the tree still struck the hood and cracked the windshield. Route 49 is a two-lane, blacktop highway with a center line and two white edge lines. It is considered a priority one route. However, Ms. Hamby described the highway at this particular location as “falling in”. She testified that the southbound lane had been falling in for a significant period of time. Respondent had placed some beams or piling to stabilize the road approximately one year prior to this incident. When respondent placed the beams and piling, it had to close the southbound lane. To allow the continual flow of traffic, respondent had made a cut into the hillside on the northbound side of the road *185 to extend that lane. Ms. Hamby testified that after the lane widening construction, the tree which struck her vehicle was growing only two or three feet from the road. Ms. Hamby also stated that the tree was rotten because it broke into many little pieces after striking the truck. Her vehicle sustained damages as a result of this incident.
Claimant described the damages that the tree did to her vehicle including damage to the hood which she replaced. The front and back fenders also were replaced. In addition, the windshield was damaged and needs to be replaced, as does the passenger side mirror and the sun visor. Claimant submitted three different invoices from various body shops for the costs to repair her vehicle. The estimates were in the amounts as follows: $1,594.76, $1,881.89, and $1,472.75. Claimant did not have comprehensive insurance coverage to cover any of her losses. Therefore, she made the repairs necessary to receive an inspection sticker so as to be able to drive the vehicle again. Replacing the hood and two fenders cost $500.00. However, she still needs to replace the windshield and the mirror which will cost approximately $350.00. The vehicle was a gift to Ms. Hamby. At the time of this incident, she had owned the truck for three years. She believes the person who purchased it for her paid approximately $2,000.00 for the truck.
Claimant asserts that respondent was negligent in its maintenance of Route 49 at the location of this incident and that this negligence created a hazardous condition for the traveling public.
To substantiate her position, claimant introduced numerous photographs of parts of the tree which struck her vehicle. One photograph depicted a fairly large part of a dead tree lying on the side of the road. Another photograph depicted a smaller piece of wood which appeared to have broken off of the main tree. The photographs support claimant’s testimony that the tree was dead when it struck her vehicle. It appears that the tree had been dead for a significant period of time. In addition, claimant also introduced into evidence photographs showing that the hillside on the side of the road from where the tree fell was slipping in and that the root system of the trees was being disturbed. This evidence also supports claimant’s testimony that someone had cut into the hillside.
It is respondent’s position that it did not have notice of any tree hazards or potential tree hazards at the location of this incident and that it adequately maintained Route 49 at the location at issue.
Bill Parsley, an equipment two operator for the respondent inMingo County, testified that he is responsible for operating large trucks, various heavy equipment, and for cutting brush along the highways including Route 49 at the location at issue. He is also familiar with the facts of this incident. He agrees with the claimant that there is a bad place in the road where the tree fell. He stated that personnel from one of the other departments had placed some “piling” which caused some problems with the road at that location. On the date of this incident, Mr. Parsley and his crew were cutting weeds and brush along Route 49. However, they did not cut any brush or otherwise work at the location where this incident occurred, but Mr. Parsley did drive by the location between 10:00 and 10:30 a.m. on the date ofthe incident. He testified that he did not see any trees at the location of the incident that were near the road that concerned him. In addition, he testified that neither he nor his crew noticed any trees that presented a potential risk of falling onto the highway on the date of the incident. Furthermore, he had traveled this portion of Route 49 prior to this incident and he had worked on it as well and he did not notice any potential risks regarding tree falls. Finally, he stated that he had not received any complaints regarding tree falls or potential tree falls at this location prior to this incident.
*186 It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In cases involving falling trees or tree limbs, the Court has held that respondent is liable for dangerous trees or tree limbs on its property or right-of-ways. The general rule this Court has adopted is that if a tree is dead and poses an apparent risk, then respondent may be held liable. Wiles v. Div. of Highways, 22 Ct. Cl. 170 (1999).
In the present claim, the Court is of the opinion that respondent had notice of the hazard presented by the tree in question and had a reasonable amount of time to take corrective action. The evidence adduced at the hearing established that the tree was dead and that it was located well within the respondent’s right-of-way. Further, the evidence also established that respondent had done some construction work on the road and in doing so made a cut into the hillside and weakened the soil and root system of this tree. This activity created a hazard to the traveling public for potential tree falls.
Thus, the Court finds that respondent was negligent in this claim and that this negligence was the proximate cause of claimant’s damages. Given the fact that the estimates submitted to the Court are higher than the value of the vehicle at the time of this incident, the Court will grant an award based upon the difference between the market value of the truck before the incident and the value of the truck after the incident which the Court has determined as being $250.00. Claimant also may recover the $500.00 she spent on existing repairs plus an additional $350.00 to replace the windshield and the mirror.
Accordingly, the Court makes an award to claimant in the amount of $1,100.00.
Award of $1,100.00.